David M. Lilienstein, Esq. SBN 218923
Jessica M. Cho, Esq. SBN 303441
**DL LAW GROUP**
345 Franklin St.
San Francisco, California 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484
E-mail: david@dllawgroup.com, jessica@dllawgroup.com

Attorneys for Plaintiff,
HUEY ROBERSON

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUEY ROBERSON,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR: BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Mr. Huey Roberson ("Plaintiff" or "Mr. Roberson"), herein sets forth the allegations of this Complaint against Defendants METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 through 10.

## PRELIMINARY ALLEGATIONS

### JURISDICTION

1. Plaintiff brings this action for relief pursuant to Section 502 (a) (1) (B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a) (1) (B), and 29 U.S.C. Section 1132 (c) (1), and for equitable relief pursuant to ERISA Section

1

**COMPLAINT**      Case No.

502 (a) (3), 29 U.S.C. Section 1132 (a) (3). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331 as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan named as a Defendant. Plaintiff seeks relief, including but not limited to: past disability benefits in the correct amount related to Defendant(s') improper denial of Plaintiff's disability claim; prejudgment and postjudgment interest; and attorneys' fees and costs.

## VENUE

2. Plaintiff may be found in the County of Solano. Defendants may be found in San Francisco Bay Area, including but not limited to the City and County of San Francisco, therefore venue is proper under 29 U.S.C. §1132(e).

3. This action may be assigned to the San Francisco Division pursuant to Local Rule 3-2.

## PARTIES

4. Plaintiff is and, at all times relevant, was a resident of California.

5. At all relevant times, Plaintiff participated in an employee welfare benefit plan ("the Plan") within the meaning of ERISA Section 3 (1), 29 U.S.C. Section 1002 (1), sponsored by Plaintiff's employer, and administered by Defendant METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE").

6. At all relevant times, the Plan offered, *inter alia*, disability benefits to employees, including Plaintiff. This action involves disability claims made and denied by METLIFE.

## FACTS

7. At all relevant times, Mr. Roberson was a participant in Kaiser Foundation's

Health Plan ("the Plan"), administered by Defendant METLIFE.

8. Mr. Roberson was a Data Repair Clerk at Kaiser Permanente Medical Center. He is diagnosed with HIV positive, hypertension, hyperlipidemia, gout, normal tension glaucoma, migraines, irritable bowel syndrome, asthma, benign prostatic hyperplasia, obstructive sleep apnea, osteoarthritis, chronic pain, adjustment disorder with mixed anxiety and depressed mood, cervical spondylosis, diverticulosis of colon, hemorrhoid, and nasal sinus mass.

9. At all times relevant, Mr. Roberson experienced constant pain, fatigue, dizziness, nausea, constant tingling in his hands and legs, difficulties with gait and balance, hand numbness, neck tightness and spasms, muscle weakness, and urinary issues.

10. Because of his disability and inability to return to work, Mr. Roberson's employer terminated him from his position.

11. Mr. Roberson timely submitted a claim for long term disability benefits with METLIFE.

12. The California Employment Development Division issued a fully favorable decision and granted Mr. Roberson short term disability benefits.

13. The Social Security Administration issued a fully favorable decision and granted Mr. Roberson full disability benefits.

14. The Veteran's Administration performed a comprehensive disability examination of Mr. Roberson and concluded he is totally disabled.

15. Despite medical records and reports from government agencies supporting Mr. Roberson's ongoing disability due to his numerous chronic medical conditions, METLIFE denied Mr. Roberson's LTD claim.

16. Mr. Roberson timely appealed METLIFE's denial of his LTD claim.

17. METLIFE denied Mr. Roberson's appeal.

18. Mr. Roberson timely appealed METLIFE's denial of his LTD claim.

19. METLIFE denied Mr. Roberson's appeal.

20. Mr. Roberson continues to this day to be unable to work at his own or at any

occupation for which he is reasonably suited.

21. Mr. Roberson has exhausted all administrative remedies regarding the denial of his LTD benefits.

## CLAIM FOR RELIEF
**(Against all Defendants, For Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and Postjudgment Interest, and Attorney's Fees and Costs, Pursuant to (ERISA Section 502 (a) (1) (B), 29 U.S.C. Section 1132 (a) (1) (B))**

22. Plaintiff incorporates Paragraphs 1 through 18 as thoroughly set forth herein.

23. ERISA Section 502 (a) (1) (B), 29 U.S.C.A. Section 1132 (a) (1) (B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

24. At all relevant times, Plaintiff's health care services met the level of care required under the terms and conditions of the Plan at issue herein.

25. By DENYING Plaintiff's LTD claim, Defendants have violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

26. The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendants, and or each of them, violated the terms of the Plan by declining to provide Plaintiff with LTD benefits;

B. Order Defendants, and or each of them, to pay Plaintiff LTD benefits due, together with prejudgment interest on each and every such benefit payment through the date judgment at the rate of 9% compounded;

C. Order statutory penalties available under 29 U.S.C. §1132(c)(1);

D. Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant to ERISA Section 502 (g), 29 U.S.C. Section 1132 (g);

E. Provide such other relief as the Court deems equitable and just.

n/a
n/a

Dated: August 8, 2016

                        Respectfully submitted,

                        DL Law Group

                        By: _____
                        Jessica M. Cho, Esq.
                        Attorneys for Plaintiff Huey Roberson

**COMPLAINT**  Case No.